IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **STATE FARM MUTUAL AUTOMOBILE INS. CO.,** as subrogee of Brown Rebecca | § § § | **PLAINTIFF** |
| v. | § § § § | Civil No. 2:23cv101-HSO-BWR |
| **UNITED STATES OF AMERICA** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION [2] TO DISMISS

BEFORE THE COURT is Defendant United States of America's Motion [2] to Dismiss filed on July 24, 2023, by and through the United States Attorney for the Southern District of Mississippi. After due consideration of the record and relevant legal authority, the Court is of the opinion that the Motion [2] to Dismiss should be granted for failure to timely serve Defendant United States of America under Federal Rule of Civil Procedure 4(m), and that Plaintiff's claims against the United States should be dismissed without prejudice.

I. BACKGROUND

On June 2, 2023, Plaintiff State Farm Mutual Automobile Ins. Co., as subrogee of Brown Rebecca [sic] ("Plaintiff" or "State Farm"), filed a Complaint [1-2] in the County Court of Forrest County, Mississippi, against Defendant Lance A. Poirier ("Poirier"), ostensibly asserting state-law claims arising out of a vehicular collision. *See* Compl. [1-2] at 3. The Complaint alleges that, due to Poirier's

negligence, State Farm's insured was injured, and it "was caused to pay damages, pursuant to a contract of insurance." *Id.* State Farm states that it "is now subrogated to their [sic] insured in this matter," and the Complaint demands judgment from Poirier in the amount of $10,576.78, plus attorney's fees and costs of court. *Id.* at 3-4.

On July 17, 2023, Poirier "acting by and through" the United States Attorney for the Southern District of Mississippi, filed a Notice of Removal [1] to this Court under 28 U.S.C. §§ 1442(a)(1) and 1446. *See* Notice [1] at 1-2. Poirier attached the United States Attorney's Certification of Scope of Employment under 28 U.S.C. § 2679(d), which averred that Poirier "was acting within the course and scope of his employment with the United States Marshals Service at the time of the incident out of which this civil action arose," and that for purposes of the Federal Tort Claims Act, he was "statutorily deemed to be a federal employee, as defined by 28 U.S.C. § 2671, and the remedy provided by the FTCA is the exclusive remedy." Cert. [1-3] at 1-2 (citing 28 U.S.C. §§ 1346(b), 2671-2680). According to the Notice of Removal [1], Poirier was entitled to remove the case because he "was acting within the course and scope of his employment at the time of the alleged accident, and the charged conduct is connected or associated with acts performed under color of federal office." Notice [1] at 2.

Defendant then filed a Motion [2] to Dismiss, arguing that State Farm had not properly served either Poirier or the United States, and that Plaintiff's claims against the United States should be dismissed without prejudice for failure to

timely serve process and for lack of subject-matter jurisdiction under the derivative-jurisdiction doctrine.  *See* Mot. [2] at 1-2; Mem. [3] at 3-4, 6-8.  State Farm has not responded, and the time for doing so has passed.  *See* L.U. Civ. R. 7(b)(4).

On August 24, 2023, the Court ordered that this action be deemed one solely brought against the United States of America under 28 U.S.C. § 2679(d)(2), and that the Clerk of Court substitute the United States as Defendant in place of Poirier.  Order [4] at 3.  This action has been pending in this Court since it was removed from state court by the United States Attorney on July 17, 2023, and to date State Farm has not attempted to serve the United States, nor has it taken any other action during that three-month period.  *See* Notice [1].

## II.  DISCUSSION

A.  Relevant legal authority

Federal Rule of Civil Procedure 4(m) states that,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  "In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court . . . ."  4B Fed. Prac. & Proc. Civ. § 1137 (4th ed.); *see also Henson v. Lowe's Home Centers, Inc.*, No. 1:99CV302-D-D, 2000 WL 1015833, at *2 (N.D. Miss. June 27, 2000) ("Although neither this court, the Fifth Circuit, nor the United

States Supreme Court has decisively adopted this standard, other district courts in this circuit have implicitly recognized it.").

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just., Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). "To establish good cause, a litigant must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quotation omitted). Additionally, the plaintiff "must make a showing of good faith and establish some reasonable basis for noncompliance within the time specified." *Id.* (quotation omitted).

> Rule 4(i)(1) provides that to serve the United States, a plaintiff must:
>
> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

2.  Analysis

According to Defendant, State Farm did not properly serve Poirier, *see* Mot. [2] at 2, and it "has not served the United States Attorney for the Southern District of Mississippi or the U.S. Attorney General," meaning that it has not properly served the United States under Rule 4(i), Mem. [3] at 4. Nor is there proof of service in the record for either the United States Attorney or the Attorney General. State Farm has not responded to the Motion to Dismiss or otherwise attempted to show that it effected proper proof of service upon the United States. Therefore, State Farm has not carried its burden of demonstrating proper service. *See Sys. Signs Supplies*, 903 F.2d at 1013.

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Fed. R. Civ. P. 4(c)(1). This case has been pending for 137 days, and was removed to this Court 92 days ago, but State Farm has yet to properly served the United States. *See* Fed. R. Civ. P. 4(i)(1); Compl. [1-2]; Notice [1]. Nor has State Farm sought an extension of time to effect proper service pursuant to Rule 4(m), even though the United States seeks dismissal at least partly on that basis. *See* Mot. [2] at 1; Mem. [3] at 3-4. Dismissal under Rule 4(m) is therefore warranted. *See* Fed. R. Civ. P. 4(m).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that Defendant's Motion [2] to Dismiss filed by and through the United States Attorney for the Southern District of Mississippi, is **GRANTED.**

5

**IT IS, FURTHER, ORDERED AND ADJUDGED,** that Plaintiff's claims against the United States are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m). The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58(a).

**SO ORDERED AND ADJUDGED**, this the 17th day of October, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE